**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

ADONAY SWORD YADA AL-A ALLAH, # 1063962
*also known as Eric M. Cummings*,

        Petitioner,

v.                                                                                    ACTION NO. 2:11cv553

HAROLD W. CLARKE,
    Director of the Virginia
    Department of Corrections,

        Respondent.

**UNITED STATES MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas corpus. Accordingly, the Court also recommends denying Petitioner's Motion to Compel as moot.

**I. STATEMENT OF THE CASE**

**A. Background**

Petitioner Adonay Sword Yada Al-A Allah ("Petitioner" or "Allah") was convicted of possession of marijuana, in violation of Virginia Code § 18.2-250.1, on March 23, 2010 in the Suffolk General District Court. Pursuant to this conviction, he was sentenced to serve six months in jail, with five months suspended, and two years probation. It is this conviction and sentence

that Petitioner is challenging in the present action. In his petition before this Court, Allah concedes that he did not appeal the judgment of the Suffolk General District Court to the Suffolk Circuit Court or the Virginia Supreme Court.

Petitioner originally filed a Petition for a Writ of Mandamus, construed by this Court as a Complaint pursuant to 42 U.S.C. § 1983, against the Suffolk Circuit Court on May 24, 2010. Complaint, Allah v. Suffolk Circuit Court, 2:10cv244 (E.D.Va. May 24, 2012), ECF No. 1. In his Complaint, Petitioner argued that, because he is an "Indigenous Moorish-American free sovereign state," is not a United States citizen and has never pledged allegiance to the United States, the Suffolk Circuit Court lacked jurisdiction over his criminal prosecution. Id. On June 10, 2010, the Court entered judgment dismissing Petitioner's complaint for failure to state a claim. Judgment, Allah v. Suffolk Circuit Court, 2:10cv244 (E.D.Va. June 10, 2010), ECF No. 5.

On August 13, 2010, Petitioner filed a petition in the Suffolk Circuit Court, requesting a writ of habeas corpus issue, asserting (1) that the General District Court denied his challenge to lack of jurisdiction without a hearing, (2) that Petitioner was held without probable cause because the police officer brought a photo of, but not the actual cigar or lab report proving the contents of the cigar to his trial, and (3) that counsel was ineffective for not determining whether a state lab tested the cigar contents and for failing to file an appeal after being instructed to do so by Petitioner. The Suffolk Circuit Court dismissed Allah's petition on November 2, 2010.

On November 16, 2010, Allah filed a notice of appeal in the Court of Appeals of Virginia, which subsequently transferred the case to the Supreme Court of Virginia on January 28, 2011. In this petition, Allah alleged that (1) the Suffolk Circuit Court did not have jurisdiction to enter judgment on his habeas claims, (2) the Suffolk General District Court did not have jurisdiction over him when charging him with possession of marijuana, (3) the Suffolk

General District Court erred by accepting as sufficient evidence the testimony of a police officer regarding the contents of the small cigar, as opposed to requiring a certificate of scientific analysis, and (4) Allah's counsel was ineffective in failing to move for discovery, ask for a certificate of analysis on the cigar contents, or appeal the decision at Petitioner's request. On June 10, 2011, the Supreme Court of Virginia refused Allah's petition for appeal.

Petitioner filed a petition for writ of habeas corpus in this Court on October 12, 2011. ECF No. 1. On January 18, 2012, Respondent filed a Rule 5 Answer and Motion to Dismiss. ECF Nos. 9 and 10. Also on January 18, 2012, Respondent mailed the motion and a notice in accordance with Roseboro v. Garrison, 528 F.2d 29 (4th Cir. 1975), and Local Rule 7(K) to Petitioner, advising him that he was entitled to file a response within twenty-one days. ECF No. 8. On February 8, 2012, Petitioner filed his Response to the Motion to Dismiss (ECF No. 14), and this matter is ripe for adjudication.

On February 21, 2012, Petitioner filed a Motion to Compel (ECF No. 15), requesting that this Court require Respondent to answer questions posed to Respondent by Petitioner in a letter regarding the "jurisdiction, authority, nature and cause of the respondent restraint of Adonay Sword Yada Al-Ali Father Allah." Mot. to Compel 1. The Respondent did not file a response, and this matter is also ripe for adjudication.

**B. Ground Alleged**

Petitioner asserts that he is entitled to relief under 28 U.S.C. § 2254 because the Suffolk General District Court lacked in personam jurisdiction over Petitioner to arrest, hold, or restrain him, as he is a not a resident of any state and is an Aboriginal Indigenous Washitaw Moorish National.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A. Exhaustion**

In order for the Court to address the merits of this habeas petition, all of Petitioner's claims must be exhausted. See 28 U.S.C. § 2254(b) (2010). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). As Pruett explains, "[t]his [exhaustion] requirement is strictly enforced, in the interests of giving the state courts the first opportunity to consider and, if necessary, correct the alleged constitutional errors in a person's conviction and sentencing." Id. "The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994) (quoting Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988)). Exhaustion may be achieved either through direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). Petitioner's claim has been exhausted because he raised the issue in his state petition for habeas corpus, filed with the Supreme Court of Virginia.

**B. Procedural Default**

A federal court may not review constitutional claims when a state court has declined to consider the Petitioner's claim on the merits on the basis of an adequate and independent state procedural rule. Burket v. Angelone, 208 F.3d 172, 183 (4th Cir. 2000). A rule is deemed "adequate" if it is regularly or consistently applied by a state court and "independent" if it does

not "depend on a federal constitutional ruling." Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998). Generally speaking, a "violation of firmly established and regularly followed state rules" will be adequate to bar federal review. Lee v. Kemna, 534 U.S. 362, 375 (2002). A federal habeas court does not have authority to question whether the court properly applied its own law. Sharpe v. Bell, 593 F.3d 372, 377 (4th Cir. 2010). Accordingly, a federal court may not hear a 2254 claim if a state court already disposed of the claim on adequate and independent state law grounds, unless a petitioner can show cause and prejudice for, or a fundamental miscarriage of justice resulting from, failure to comply with the applicable rule. Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Moreover, under Virginia law, where a petitioner fails to object during trial, or raise an issue on direct appeal, they may not raise the issue in state habeas. Slayton v. Parrigan, 215 Va. 27, 30 (1974). A petitioner may not "use habeas corpus to circumvent the trial and appellate processes for an inquiry into an alleged non-jurisdictional defect of a judgment conviction." Id. This Court cannot consider claims that Petitioner has failed to raise on direct appeal, and thus they will be deemed procedurally defaulted. Teague v. Lane, 489 U.S. 288, 298 (1989). If no exception allows this Court to overcome the procedural default and permit federal habeas review, all of Petitioner's claims shall be viewed as procedurally exhausted and the petition should be dismissed.

Petitioner's immediate claim was raised in the state habeas petition, previously filed in the Suffolk Circuit Court, which determined that a merits review of the claim was barred from review by the Slayton rule, as enunciated above. That is, the Suffolk Circuit Court found that "whether the Suffolk General District Court lacked jurisdiction 'could have been raised and adjudicated at trial but was not.'" Order ¶ 7, Allah v. Commonwealth of Virginia, No. CL10-732

5

(Va. Cir. , Nov. 2, 2010). Application of the Slayton procedural bar qualifies as an adequate and independent state law ground barring federal habeas review of the claim. Wright v. Angelone, 151 F.3d 151, 159-60 (4th Cir. 1998).

Moreover, Petitioner also asserted the instant claim in his petition for appeal to the Supreme Court of Virginia. The Supreme Court refused the petition and dismissed the claim, finding that Petitioner failed to comply with Virginia Supreme Court Rule 5:17(c)(1)(iii), which provides that "[a]n assignment of error that does not address the findings or ruling in the trial court . . . from which an appeal is taken . . . is not sufficient. If the assignment of error [is] insufficient, [it] shall be dismissed." Order, Allah v. Commonwealth of Virginia, No. 110245 (Va., June 10, 2011). It has been held that, whenever a procedural rule is "derived from state statutes and *supreme court* rules . . . the rule is necessarily 'firmly established,'" meeting the Lee standard and barring federal review. O'Dell v. Netherland, 95 F.3d 1214, 1241 (4th Cir. 1996), aff'd , 521 U.S. 151 (1997) (emphasis added). Accordingly, Rule 5:17(c)(1)(iii) is an adequate and independent state ground, and review of Petitioner's claim is prohibited in this Court.

### III. RECOMMENDATION

Based on the foregoing, the Court recommends that Allah's petition for writ of habeas corpus be DENIED (ECF No. 1), and Respondent's Motion to Dismiss (ECF No. 10) be GRANTED. Therefore, the Court further recommends that Allah's Motion to Compel (ECF No. 15) be DENIED as moot.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984), cert. denied, 474 U.S. 1019 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

_____/s/_____

Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
May 8, 2012

## **CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Adonay Sword Yada Al-Ali Allah, # 1063962
Lunenburg Correctional Center
P.O. Box 1424
Victoria, VA 23974

Leah Ann Darron
Office of the Attorney General
900 E. Main St.
Richmond, VA 23219

                                                  Fernando Galindo, Clerk

                                    By _____
                                                   Deputy Clerk

                                              _____, 2012